

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Gerald C. Mann
ATTORNEY GENERAL

Mrs. Ella Mae Murphy
State Board of Cosmetology
Austin, Texas

Dear Mrs. Murphy:

Opinion No. O-1764
Re: Construction of opinion No. O-454, opinion
No. O-1574 and opinion dated May 30, 1935,
each to the State Board of Cosmetology.

We have carefully considered our opinions
No. O-454 and No. O-1574, and the opinion written by Hon.
Joe J. Alsup, addressed to Mrs. H. A. Stewart, under date of
May 30, 1935, as requested in your recent letter to this department.

These opinions involve the construction of Art. 734(b)
of our Penal Code, commonly known as The Texas Beauty Culture
Law, enacted in 1935 by the 44th Legislature, which Act creates
the State Board of Hairdressers and Cosmetologists, and, among
other things, provides for the licensing of beauty culture
schools, of instructors, and of practitioners.

The caption of the Act reads:

"AN ACT to regulate the occupation of hairdressers
and cosmetologists, to create a State Board of
Examiners for the licensing of persons to carry
on and to teach such practice, to insure the
better education of such practitioners; to
provide rules regulating the proper conduct
and sanitation of hairdressing and beauty
culture establishments and schools, so as to pre-
vent the spreading of contagious and infec-
tious diseases, and to provide for violations

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

thereof; providing for distribution of moneys collected under this Act and making an appropriation; prescribing a penalty; providing a saving clause; repealing all laws in conflict herewith, and declaring an emergency."

The Act required the licensing of all beauty culture schools and the taking of examinations by the instructors, and by the practitioners. An exemption from taking such examination was provided for in the following language:

As to instructors, Sec. 11 (a) reads, in part:

" * * * provided, however, that the examination of teachers shall not be required of persons who have been teaching the practice of hairdressing or cosmetology for three (3) years prior to the passage of this Act; * * * "

As to practitioners, Sec. 16(a) reads:

"All persons who were engaged in the actual practice of hairdressing and/or cosmetology within the State for more than twelve (12) months prior to the passage of this Act shall be entitled to a certificate without examination upon the payment of a registration fee of Three Dollars ($3) accompanied by an affidavit certifying to the fact that such person was actually so engaged for the period aforementioned."

The Act does not specifically provide for the time when those eligible for such exemption from examination must apply for the license.

Section 18, thereof, however, provides:

"The first certificate of registration and license shall be valid until August 31, 1936. Thereafter no certificate or license shall be issued for a longer period than one (1) year and shall expire on the 31st day of August, of the year for which they are issued unless renewed prior to that date. The holder of an expired certificate or license may have said certificate

or license restored within one (1) year after
the date of expiration, upon the payment of the
required renewal fee and satisfactory proof of
his or her qualifications to resume practice."

The question presented in each of the opinions
under consideration, is whether an individual, who fails
to apply for a license when the Act went into effect and
thereby assert his exemption from examination, may do so
at any time subsequently, and more than a year after Aug.
31, 1936, and be entitled to receive a license, without
taking the required examination.

The opinion written May 30, 1935, held, as to
practitioners, that one entitled to a license on the ef-
fective date of the Act, without being compelled to take
the examination, who failed to apply for such license prior
to one year after the Act went into effect, must there-
after, to be entitled to a license, take the examination.

Our opinion No. 0-434, held likewise as to the
license of an instructor.

Our opinion No. 0-1574 is susceptible of the
interpretation of holding, as to a practitioner, that one
qualified under Section 16 (a), supra, who did not apply
for a license on the effective date of the Act, or with-
in twelve (12) months thereafter, would, nevertheless be
entitled to a license, without taking the examination, at
any subsequent time.

The fundamental purpose of this law, as stated in
its caption, above quoted, was to protect the public health
and one method of accomplishing this desirable result was
deemed to be the license requirements embodied in the Act.
Sections 1, 15, 16, 17 and 18 thereof pertain to licenses.
Basis in these provisions is the requirement of examinations,
and the purpose underlying Sec. 18, supra, whereby an in-
structor or practitioner should continuously keep the li-
cense current.

The scope of Sec. 18 is, perhaps, doubtful, but
one of its effects is to compel any practitioner or instructor
to take another examination before receiving another license
upon his failure to restore an expired license within one year
after its expiration date. The obvious purpose of such penalty
is a recognition of the fact that improvements would be made
from time to time in methods of sanitation and in the prevention
of the spreading of diseases, with which the practitioner and in-
structor should be familiar.

Such being the effect of Sec. 18, supra, as to licenses upon examination, it comports with the purpose of the law to likewise construe it as to licenses upon exemption. To hold otherwise would say that an instructor or practitioner who was eligible for the license without examination at the time of the effective date of the Act, and who did not apply for such license at that time, or within one year after Aug. 31, 1936, would, notwithstanding such failure, be entitled to a license without an examination, upon application therefor at any time thereafter.

In Tex. Jur., Vol. 27 at p. 870, we read:

"Construction.-In construing a license law, a court will seek to ascertain and give effect to the legislative intent. Every part of the act will be considered, so as to make all parts harmonize, if practicable, and give a sensible effect to each. But the court is not confined to a consideration of the language used in an enactment. In determining the meaning, scope and purpose of an act, it may be read in connection with statutes in pari materia; and judicial notice may be taken of conditions of common notoriety existing at the time of its enactment, including the habits of business relating to the subject matter embraced within the law. Moreover, a license law will be given a reasonable construction, with a view to meeting the mischief and advancing the remedy, and in order to sustain the validity of the enactment. When necessary to carry out the apparent legislative intent, the words of a statute may be transposed." (Underscoring ours).

Accordingly, you are respectfully advised that it is our opinion that an instructor or practitioner, who was eligible for a license under Art. 734(b), supra, without taking an examination, by force of the statutory exemption, at the time of the effective date of the Act, must have applied for such license within one year after Aug. 31, 1936; otherwise, upon an application for license thereafter, such instructor or practitioner may be compelled to submit to the statutory examination before being entitled to a license.

To the extent that our opinion No. 0-1574 conflicts with this conclusion, it is hereby overruled.

Mrs. Ella M. Murphy, p. 5

We remain

Verytruly yours

ATTORNEY GENERAL OF TEXAS

BY (S)
Wm. J. Fanning
Assistant

BY (S)
Zollie C. Steakly
Assistant

ZCS:OB/JCP

APPROVED DEC. 21, 1939
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE, BY B. W. B., CHAIRMAN